### J. N. QUIGLEY, ET AL., *v.* J. B. QUIGLEY'S EX'RS.

[Abstract Kentucky Law Reporter, Vol. 1—123.]

**Res Adjudicata.**

  Where one, in a suit sought to have the terms of a will construed, and to have his rights thereunder determined, secures a judgment in such action, he cannot thereafter, in another suit, set up and have determined a claim to a part of such estate and have the will construed over again. The first action bars the second.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

June 17, 1880.

OPINION BY JUDGE COFER:

In his first suit the appellant sought a construction of the will, and that he "be adjudged all his rights under said will, and that the estate be divided," etc. In that suit the court construed the will, and that construction was carried into execution, and the judgment there is a bar to this action. It does not matter that the clause giving the appellant a fund for his education was not set up or construed in that case, or that he has received nothing on that account. His suit was to construe the will, and was broad enough to cover all he was entitled to under it. But if it had not been it would still constitute a bar to this action.

That for which he sued then and that sued for now he was entitled to, if at all, in the same right and against the same person.

It all constituted, in the form of suit adopted, but one cause of action, and all that pertained to it he was bound to set up in order that he might present his whole case at once.    It is not now a question whether he in terms sought to recover the fund given for his education, or whether that matter was in terms adjudicated upon.

He sued to have the will construed, for a judgment adjudging to him all his rights under the will, and for a settlement of the estate. This comprehensive action embraced the whole liability of the executors to him under the will.    The educational fund was an item of their liability to him, and its adjustment was a proper subject for consideration in a suit to settle and distribute the estate,—which was directed by the last sentence of the former judgment to be made. It reads as follows:

"It is further adjudged that the plaintiff is entitled to one-sixth of any other estate left by the decedent after the payment of the debts of decedent, the costs of administration, and making the children of decedent equal in advancements with the father of plaintiff."

This finally determined the ultimate disposition of the whole estate, and must be held a bar to this action.

Judgment *affirmed*.

*Reeves & Nichols, for appellants.    Q. Q. Quigley, for appellees.*